United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30977
Conference Calendar

_____

TOMMY L. BORDELON,

Plaintiff-Appellant,

versus

SAMUEL G. COUVILLON; ROSE L. BATISTE; HELEN D. DUCEY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:04-CV-1888
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Tommy L. Bordelon, Louisiana prisoner # 339150, has filed a
motion to proceed in forma pauperis (IFP) on appeal, effectively
challenging the district court's certification that his appeal is
not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 199-
202 (5th Cir. 1997); 28 U.S.C. § 1915(a). The district court
dismissed Bordelon's 42 U.S.C. § 1983 civil rights complaint as
frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Bordelon sued the Clerk of Court and Deputy Clerk of
Avoyelles Parish, La., and the court reporter who prepared the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

transcript of his criminal trial, asserting that they were responsible for falsifying and altering testimony in the transcript.  Bordelon now only "respectfully disagrees" with the district court's dismissal of his complaint as frivolous, but he fails to direct his IFP "motion . . . solely to the trial court's reasons for the certification decision."  See Baugh, 117 F.3d at 202.  Bordelon has effectively abandoned any challenge to the district court's disposition of his complaint.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

It is ordered that leave to proceed IFP is denied and the appeal is dismissed as frivolous.  See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  The district court's judgment dismissing the complaint pursuant to § 1915(e)(2)(B)(i) and this court's dismissal both count as strikes for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Bordelon has at least one prior strike.  See Bordelon v. Jeansonne, No. 03-1198-A (W.D. La. Oct. 23, 2003) (unpublished).  Accordingly, Bordelon is now barred under § 1915(g) from bringing a civil action or an appeal from a judgment in a civil action or proceeding under § 1915 unless he is under imminent danger of serious physical injury.

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION IMPOSED.